## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILL SALLEY JR.** : | |
| : | |
| *Plaintiff,* : | **CIVIL ACTION NO.** _____ |
| : | |
| **OPTION ONE MORTGAGE CORP.** : | |
| : | |
| **CIT GROUP** : | |
| : | |
| **JOHN DOE TRUSTEE** : | |
| : | |
| **JOHN DOE TRUST** : | |
| : | **JURY TRIAL DEMANDED** |
| **JOHN DOES #'S 1-100,** : | |
| : | |
| *Defendants.* : | |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff, WILL SALLEY JR., by and through undersigned counsel,

MILDENBERG AND STALBAUM, P.C., complaining of Defendants, and respectfully aver as follows:

## I.   INTRODUCTORY STATEMENT

1.     Plaintiff, Will Salley Jr., a consumer and homeowner in Philadelphia County,

Pennsylvania, brings this predatory lending action for damages and other relief against

Defendants pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), the Home

Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639(a) ("HOEPA"), the Real Estate

Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2501 et seq., Pennsylvania Usury Law, 41

P.S. §502 ET SEQ., the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73

P.S. § 201-1 et seq. ("UTPCPL"), and under common law theories including breach of contract

1

and fraud.   Defendant, Option One, issued a predatory loan to Plaintiff and Defendant, Option

One and/or its agents and/or assignees to, failed to, *inter alia*, fully and accurately disclose all

material terms of Plaintiff's mortgage loan in the manner required by law, and failed to properly

rescind his mortgage loan when requested as provided by TILA.

2.      Plaintiff seeks to rescind the unfair and illegal mortgages, which were originated,

serviced, and/or held and/or assigned to or by Defendants.

**II.    PARTIES**

3.      Plaintiff, Will Salley Jr., is an adult individual and citizen of the Commonwealth

of Pennsylvania, residing therein at 8547 Temple Road, Philadelphia, PA 19150, the property

which is the subject of the predatory mortgages complained of herein.

4.      Defendant, Option One Mortgage Corporation ("Option One"), at all times

relevant hereto, is and was, upon information and belief, a California Corporation, whose duly

registered and appointed agent authorized to accept service of process herein is known as CT

Corporation, with an office in the City and County of Philadelphia located at 1515 Market Street,

Suite 1210, Philadelphia, PA 19103.

5.      At all times relevant hereto, Option One was is and was is engaged in the business

of sub-prime mortgage lending.

6.      Defendant, CIT Group ("CIT"), at all times relevant hereto, is and was, upon

information and belief, a Delaware Corporation, whose duly registered and appointed agent

authorized to accept service of process herein is known as CT Corporation, with an office in the

City and County of Philadelphia located at 1515 Market Street, Suite 1210, Philadelphia, PA

19103.

2

7.     Upon information and belief, CIT is the current holder and/or servicer of the mortgage at issue.

8.     Defendant John Doe Trust ("Doe Trust") is, upon information and belief, a trust created pursuant to a certain Pooling and Servicing Agreement ("PSA") the date of inception of which Plaintiff, after reasonable investigation, is unable to ascertain.   The term, "John Doe Trust" is a moniker for the actual name of the trust, which Plaintiff has been unable to ascertain. Plaintiff reserves the right to substitute the actual name of the trust for said moniker after discovery of same in the course of this litigation.   Plaintiff believes and therefore avers that the Doe Trust is the current Holder, beneficial owner, or assignee of the mortgage originated by Option Mortgage Corporation.  The Doe Trust is a securitization pool of loans, including one of Plaintiff's loans, that is securitized and certain shares or certificates of which are sold or traded or offered as "asset-backed securities" on the national and international securities markets.

9.     Defendant, John Doe Trustee, is a moniker used herein for the actual name of the trustee of the aforesaid Doe Trust, which Plaintiff has been unable to ascertain.  Plaintiff reserves the right to substitute the actual name of the trustee for said moniker after discovery of same in the course of this litigation.

10.    Defendant, John Does #'s 1-100, is a moniker used herein for various individuals and entities that are or may be liable to Plaintiff for the acts alleged herein, but whose names and/or identities and/or whereabouts Plaintiff, after reasonable inquiry, have been unable to ascertain.  Plaintiff hereby reserves his right to substitute the true names and locations of these parties should they discover same in the course of this litigation.  Plaintiff further incorporates each of these parties as Defendants in each and every count listed below.

MILDENBERG AND STALBAUM, P.C.
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

11.     At all times relevant hereto, each of the aforesaid Defendants acted by and through their agents, officers, directors, servants, and employees, who were acting within the authorized scope and course of their employment and/or agency, under the direct control and at the direction of said Defendants.

12.     At all times relevant hereto, Defendants Option One, CIT, Doe Trust, Doe Trustee and John Does #s 1-100 were actual and/or apparent agents of one another and/or each other and/or that each of the said entities is managed, structured, and/or operated, such that each of the said entities is liable for the acts of each of the other entities and/or all of the other said other entities for the actions complained of by Plaintiffs herein.

## III.    <u>JURISDICTION AND VENUE</u>

13.     Jurisdiction over this matter is conferred upon this court by TILA, § 1640(e) and 28 U.S.C. §§ 1331 and 1337.  Supplemental jurisdiction is conferred over Plaintiff's state law claims by 28 U.S.C. § 1367(a).

14.     Venue lies in this judicial district because the events which give rise to this claim occurred here and the property which is the subject of this action is situated in this district.

## IV.    <u>CAUSE OF ACTION</u>

15.     In or around July 2000, Plaintiff was referred by a collection agency in Philadelphia, Pennsylvania to James Etlen Jr., ("Etlen") mortgage broker and agent for Option One.

16.     At all times relevant hereto, Plaintiff explained to Etlen that he wanted pay his water bill of approximately $5,000.00.

**MILDENBERG AND STALBAUM, P.C.**
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

17.     However, instead of assisting Plaintiff in paying his water bill, Etlen advised Plaintiff to refinance his existing mortgage and consolidate all of his unsecured debt, including his water bill.

18.     Relying on the representations of Etlen and Option One, Plaintiff believed and therefore avers that in order to pay off his water bill he had to refinance his existing mortgage.

19.     Plaintiff subsequently completed an application for a fixed rate thirty (30) year conventional mortgage with Option One based on the representations of Option One that the mortgage would be beneficial to him.

20.     At all times relevant hereto, in his dealings with Option One, Plaintiff was promised a new mortgage loan that would carry a "low" rate of interest a "low" monthly payment.

21.     On or about July 18, 2000, a mortgage loan closing was held wherein Plaintiff was asked by Option One's agents to sign various forms and documents in reliance upon the representations of Option One that the loan was beneficial to him and based on the aforesaid promises by Option One.

22.     Instead of receiving a mortgage with low monthly payments and a low fixed rate of interest, Plaintiff was issued a mortgage in the principal amount of $51,000.00 for thirty (30) years at a variable interest rate of LIBOR plus 6.15% with a floor of 10.65% of interest.

23.     The HUD-1 settlement sheet for the Option One Loan reflects, *inter alia,* the following fees charged in connection with Option One's extension of credit:

| | |
|---|---|
| Funding Fee | $50.00 |
| Broker Fee ASTAR | $2,550.00 |
| Processing Fee | $300.00 |
| Tax Service Fee | $70.00 |

5

| | |
|---|---|
| Flood Search | $12.00 |
| Interest | $120.72 |
| Hazard Insurance Prem. | $403.00 |
| Hazard Insurance 3 Mo. | $100.74 |
| City Property Taxes | $652.00 |
| Aggregate Analysis Adj. | -$235.06 |
| Notary Fees | $25.00 |
| Title Insurance | $534.75 |
| Endorsements | $200.00 |
| Courier | $42.00 |
| Recording Fees | $43.50 |
| | |
| Total: | $4868.65 |

24.     According to the HUD-1, Etlen t/a Astar Financial Services, was paid a total of at least $2,550.00 for alleged brokerage services rendered in connection with the Option One Loan.

25.     Furthermore, according to the HUD-1, Plaintiff allegedly received approximately $5000.00 in cash from the proceeds of the loan, however, only received approximately $1000.00 in cash at settlement.

26.     Plaintiff believes and avers that no other bills were paid at closing.

27.     Upon information and belief, only the disbursements listed on the HUD-1 were paid, leaving approximately $4000.00 unaccounted for by Option One.

28.     The HUD-1 contains the following disbursements to others:

| | |
|---|---|
| Water Revenue Bureau | $5197.47 |
| Ocwen Federal Bank | $23,100.45 |
| City of Philadelphia | $80.00 |
| Long Beach Acceptance | $12,425.00 |
| | |
| Total: | $40,802.92 |

6

29.     The Option One Mortgage allegedly paid off Plaintiff's existing mortgages on the aforesaid property in an alleged amount of $23,100.45 to Ocwen Federal Bank ("Ocwen") and $12,425.00 to Long Beach Acceptance ('Long Beach") as well as utilities and unsecured debt.

30.     To Plaintiff's great surprise, the Option One loan did not completely pay Plaintiff's existing mortgages, leaving an unknown amount still due and owing on the existing mortgages.

31.     Because the Option One loan did not completely pay the total amount allegedly due on the existing mortgages, Option One did not obtain a first lien on Plaintiff's real property at the time of the closing of the Option One loan, and was left in a subordinate position.

32.     To make matters worse for Plaintiff, the interest rate on the Option One loan was not fixed, but rather was adjustable despite what was promised.

33.     Furthermore, Plaintiff was unaware of the fact that the Option One loan did not pay off the existing liens on his property despite what as promised to him.

34.     On or about December 6, 2002, as a result of Option One's failure to obtain a first lien position, Shulman Shore Associates, assignee of one of the existing mortgages on Plaintiff's property, initiated a foreclosure action against Plaintiff in the Court of Common Pleas of Philadelphia, County, December 2002 Term No. 1103.

35.     Upon information and belief, the foreclosure action was initiated as a result of Option One's failure to obtain a first lien position on Plaintiff's real property.

36.     Plaintiff believes and therefore avers that Option One decided not to extend Plaintiff a loan in the amount and in the manner he had requested, but instead to offer him a substantially larger loan, with an adjustable rate of interest.

**MILDENBERG AND STALBAUM, P.C.**
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

37.     Plaintiff believes and therefore avers that Option One notified Plaintiff that it would not extend credit on the terms he had requested or the reasons for its refusal to so extend.

38.     Plaintiff believes and therefore avers that in the said loan transaction, Option One required Plaintiff to consolidate unsecured debt into secured mortgages, to Plaintiff's financial detriment.

39.     Plaintiff believes and therefore avers that Option One made the loan to Plaintiff without regard to his ability to repay same.

40.     Option One did not inform Plaintiff of the true nature of what his obligations would be pursuant to the loan.

41.     Plaintiff believes and therefore avers that the term "predatory lending" is a term describing lending practices in accordance with the following general description, which is paraphrased from a fact sheet written by the Coalition on Homelessness and Housing in Ohio, available on the Internet at http://www.cohhio.org/predatoryfactsheets.html:

        Predatory lenders target specific populations (usually low-income, minority, and/or elderly homeowners) with high pressure marketing techniques, charge excessive fees, frequently refinance or "flip" the loan, and often times mislead the borrower. Predatory lenders are literally harvesting the equity that homeowners have built up over the years. By loading the loan with excessive fees, high interest rates, and pricey insurance premiums on the front end, predatory lenders are all but ensuring themselves a pay-off. In many ways, it's a win-win situation for the lender and a lose-lose situation for the borrower. If the borrower makes the monthly loan payments, which are often times inflated (excessive fees, high interest rates, and pricey insurance premiums), the lender is making a profit. If the borrower is unable to make the monthly payments, the lender forecloses and sells the house for a profit.  Predatory lenders go beyond risk-based pricing, and instead set loan terms high above what they need to offset costs and earn a return that compensates for the increased risk. This is typically done through high interest rates, high points, high origination fees, unnecessary credit life insurance, and other additions to the loan. While many of the loan terms described below may not be predatory on their own, the failure of the lender to fully disclose to the borrower the risk or cost associated with each individual term can make the loan package more problematic, especially if the borrower is unaware that better terms may be available. By

8

structuring the debt with excessive fees and interest rates (beyond those needed to cover costs and reasonable, risk-adjusted returns), by "packing" and financing these excessive fees, and by "flipping" or frequently refinancing with fees being rolled back into the loan, some lenders are able to exploit low-income, minority, and elderly homeowners. Predatory lending practices can and do include both specific types of loan terms as well as overly aggressive marketing and deceptive or fraudulent practices on the part of lenders. These practices raise serious community reinvestment, fair housing and fair lending concerns, largely because banks and their mortgage and/or finance company subsgage and/or finance company subsng the market and targeting minority communities for higher priced, lower quality products.

42.    Option One charged unreasonable fees in Plaintiff's loan, as aforesaid, in excess of the amount customarily charged for such fees.  All of the aforesaid fees were financed into the mortgage, increasing Plaintiff's indebtedness to Option One.

43.    Defendant Option One is engaged primarily in the extension of "sub-prime" mortgage loans.

44.    At all times relevant hereto, Defendant Option One was a predatory lender.

45.    Plaintiff has been damaged by the unlawful conduct and material misrepresentations of the defendants and by the negligence of the defendants.

46.    The Defendants' improper conduct was willful and knowing, wonton and in reckless disregard to the rights of Plaintiff.

47.    As a direct and proximate result of the actions of Defendants, as aforesaid, Plaintiff has suffered financial detriment and extreme emotional distress.

48.    Each and every violation of law alleged herein is or was apparent on the face of the mortgage and closing documents and any assignee exercising due diligence would have been aware of such violations at or prior to the time of any assignment of Plaintiff's loan or loans.

## COUNT I
### TILA RESCISSION AND DAMAGES
**PLAINTIFF V. OPTION ONE, CIT GROUP, DOE TRUST, DOE TRUSTEE, JOHN DOES #S1-100**

MILDENBERG AND STALBAUM, P.C.
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

49.     The above paragraphs are hereby incorporated herein by reference.

50.     At all times relevant hereto, Defendant Option One, and/or its assignor in the ordinary course of business extended or arranged for the extension of consumer credit or offered to extend or arrange for the extension of such credit payable by agreement in more than four installments or for which the payment of a finance charge is or may be required.

51.     Plaintiff entered into a consumer credit transaction with Option One and executed notes and mortgages on his residence.

52.     The aforesaid loan with Option One was a residential mortgage loan subject to Plaintiff's right of rescission as described by TILA, 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23.

53.     In said loan transaction, Plaintiff did not receive all the disclosures required by the Truth-In-Lending Act ("TILA"), 15 U.S.C. §1601 et seq. and Regulation Z of the Federal Reserve Board ("Regulation Z"), 12 C.F.R. §226.1 et seq. including but not limited to notice pursuant to the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639(a) ("HOEPA").

54.     Defendant Option One failed to deliver all "material" disclosures required by the act and Regulation Z, including, inter alia:

    a.   Failing to properly and accurately disclose the "amount financed," using that term, in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A);

    b.   Failing to clearly and accurately disclose the "finance charge" using that term, in violation of Regulation Z § 226.4 and 15 U.S.C. § 1638(a)(3);

MILDENBERG AND STALBAUM, P.C.
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

c.  Failing to clearly and accurately disclose the "annual percentage rate" using that term, in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4); and,

d.  Failing to comply with the special disclosure requirements of § 226.32;

e.  Failing to timely provide each Plaintiff with two (2) copies of a Notice of his Right to Rescind the Transaction pursuant to TILA and/or HOEPA.

55.     Due to the violations of TILA and Regulation Z, Plaintiff has an ongoing right to rescind the transaction until receipt of all "material" disclosures pursuant to TILA and Regulation Z.

56.     On or about July 18, 2003 Plaintiff sent a rescission letter to Defendant, Option One and CIT rescinding the aforesaid loan.

57.     More than twenty (20) days have passed since Defendants received the said letters and Defendants have taken no actions to rescind the loan, in contravention of their responsibilities under TILA.

58.     In the alternative, to the extent this court may find for some reason that Plaintiff has not already rescinded the loans, Plaintiff does hereby exercise his rights to rescind the aforesaid transactions and this Complaint shall hereby constitute Plaintiff's **Notice of Rescission**, pursuant to TILA, 15 U.S.C. § 1601, et seq. to which Defendants have twenty (20) days to respond.

59.     Pursuant to TILA, Plaintiff is entitled to damages and rescission of the loans.

11

**WHEREFORE**, Plaintiff pray this Honorable Court enter judgment in his favor, and against Defendant, and to Order the following relief pursuant to 15 U.S.C. §§ 1635(a) and 1640(a):

    a.  Rescission of the July 18, 2000 loan transaction, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

    d.  Statutory damages of $2000.00 per TILA violation;

    e.  Forfeiture and return of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  An award of reasonable attorneys fees and expenses, and costs of suit; and,

    h.  Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT II
### HOME OWNERSHIP AND EQUITY PROTECTION ACT OF 1994 ("HOEPA")
### PLAINTIFF V. OPTION ONE, CIT GROUP, DOE TRUST, DOE TRUSTEE, JOHN DOES #S1-100

60.    The above paragraphs are incorporated herein by reference.

61.    Upon information and belief, the July 18, 2000 loan transaction with Option One was a high rate mortgage within the meaning of 15 U.S.C. § 1602(aa)(1)(B), in that the total points and fees Defendant charged Plaintiff in addition to interest exceeded 8 per cent of the total

MILDENBERG AND STALBAUM, P.C.
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

loan amount or in that the APR trigger pursuant to HOEPA was met with respect to the transaction.

62.     Because the transaction met the statutory definition of a high rate mortgage, it was subject to the additional disclosure requirements imposed by the TILA amendments contained in the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639(a) ("HOEPA").

63.     The aforesaid additional disclosures must be provided three days in advance of the consummation of the transaction pursuant to 15 USC § 1639(b).

64.     Defendant did not comply with the requirements of HOEPA and Section 32.

65.     Defendant made their loans to Plaintiff without regard for his ability to repay same, and have engaged in a pattern and practice of making HOEPA loans to borrowers without regard to their ability to repay.

66.     Defendant's failure to provide Plaintiff with accurate and timely HOEPA disclosures, as required by law, constitutes a "material" disclosure violation pursuant to TILA, 15 USC § 1602(u) (as amended), Regulation z § 226.23 (as amended).

*WHEREFORE*, Plaintiff prays this Honorable Court to enter judgment in his favor, and against defendants, and Order the following relief:

a.  Rescission of the July 18, 2000 loan transaction, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

MILDENBERG AND STALBAUM, P.C.
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

d.  Statutory damages of $2000.00 per TILA violation;

e.  Statutory damages of $2000.00 per HOEPA violation;

f.  Forfeiture and return of loan proceeds;

g.  Actual damages in an amount to be determined at trial; and

h.  An award of reasonable attorneys fees and expenses, and costs of suit; and,

i.  Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III
### RESPA VIOLATION 12 U.S.C. § 2601 ET SEQ.
### PLAINTIFF V. OPTION ONE, CIT GROUP

67.  The above paragraphs are incorporated herein by reference.

68.  The aforesaid rescission letters constitute a "Qualified Written Request" pursuant to the Real Estate Settlement Procedures Act ("RESPA,"), 12 USC § 2601 et seq.

69.  Plaintiff provided his account number in the request to Defendants.

70.  Defendants, however, failed to respond in accordance with RESPA.

71.  Further, Defendants failed to provide Plaintiff with an appropriate written explanation or clarification as to why the Defendants believe the account to be accurate as determined by the Defendants.

14

72.     Defendants also failed to provide Plaintiff with the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the Plaintiff as required by RESPA.

73.     More than 60 (sixty) days have elapsed since Defendantss receipt of Plaintiff's Qualified Written Request and Defendants failed to take appropriate action with respect to Plaintiff's inquiry in accordance with 12 U.S.C. § 2605 (e)(2).

74.     Plaintiff has been damaged by the unlawful conduct and material misrepresentations of the defendants and by the negligence of the defendants.

75.     The Defendants' improper conduct was willful and knowing, wonton and in reckless disregard to the rights of Plaintiff.

76.     At all times relevant hereto, Defendants were and remain creditors within the meaning of the 15 U.S.C. § 1601, et seq. and therefore, 12 U.S.C. § 2601 <u>et seq.</u> applies and requires the Defendants to comply with its loan servicing provisions.

77.     The transactions in this case were "federally related mortgage loans" within the meaning of RESPA.

78.     By and through the actions as aforesaid, Defendants violated RESPA.

79.     As a result of the said violations, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant RESPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor, and against Defendants and Order the following relief:

a.      actual damages;

15

b.      statutory damages pursuant to RESPA;

c.      attorney's fees and costs of suit;

d.      declaratory judgment that Defendant violated RESPA; and

e.      such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT IV
## VIOLATION PENNSYLVANIA USURY LAW
## 41 P.S. §502 ET SEQ.
### PLAINTIFF V. OPTION ONE, CIT, DOE TRUST, DOE TRUSTEE, JOHN DOES #s1-100

80.     The above paragraphs are incorporated herein by reference.

81.     Plaintiff, at all times relevant hereto, is and was a "Person" as defined by 41 P.S. 101.

82.     As a result of Defendants' actions as aforesaid, Plaintiff paid interest and/or charges to Defendants in excess of that provided by "other law," including, *inter alia*, TILA and HOEPA.

83.     Plaintiff, pursuant to 41 P.S. 502, Plaintiff is entitled to recover triple the amount of such excess interest or charges paid to defendants.

84.     Plaintiff is also entitled to recover his attorney's fees and costs in accordance with 41 P.S. 503.

16

**MILDENBERG AND STALBAUM, P.C.**
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

*WHEREFORE*, Plaintiff respectfully requests that this court enter judgment in his favor, and against Defendant and Order the following relief:

    a.   three times the usurious interest collected by Defendants;

    b.   actual damages;

    c.   attorney's fees and costs of suit;

    d.   declaratory judgment that Defendant violated Pennsylvania Usury Law; and

    e.   such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT V
### FRAUD
### PLAINTIFF V. OPTION ONE, CIT GROUP, DOE TRUST, DOE TRUSTEE, JOHN DOES #S 1-100

85.    The foregoing paragraphs are incorporated herein by reference.

86.    Defendants intentionally misrepresented and/or omitted a material facts to Plaintiff, to wit: that the loan was beneficial when it was not, that their fees were usual and customary, when they were not, and that their fees were a part of the finance charge and/or amount financed, when they should have been part of some other figure, that Option One was obtaining a first lien position on Plaintiff's real property when it did not, and the American Bi-Weekly would save Plaintiff money and pay his mortgage off quicker when it did not.

87.    The aforesaid intentional misrepresentations and/or omissions were made in an attempt to procure pecuniary gain, to wit: a security interest in Plaintiff's home and monetary consideration form the Plaintiff or form the proceeds of the Plaintiff's loans.

88.    As the intended result of the aforesaid fraud, Plaintiff reasonably relied upon the

17

said misrepresentations and/or omissions, to his detriment.

89.     As a direct and proximate result of the said fraud, Plaintiff has sustained damages.

90.     By virtue of the aforesaid fraud, Plaintiff is entitled to compensatory and punitive damages from Defendants.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor and against Defendants and Order Defendants to pay compensatory and punitive damages, and Order such further or additional relief as the interests of justice may require, and will ever pray.

## COUNT VI
### BREACH OF CONTRACT
### PLAINTIFF V. OPTION ONE, CIT GROUP, DOE TRUST, DOE TRUSTEE, JOHN DOES #S1-100

91.     The foregoing paragraphs are incorporated herein by reference.

92.     At all times relevant hereto, Plaintiff and Defendants were parties to certain contracts.

93.     Pursuant to the contracts, Defendants were under various duties to Plaintiff.

94.     Among those duties, all of the Defendants had a duty to comply with the terms of mortgage contract.

95.     From the date of the filing of this complaint and at all times relevant for a period of four (4) years prior thereto, Defendants breached their duties to Plaintiff by misrepresenting the amounts due from Plaintiff, and asserting that Plaintiff owed amounts that in fact he did not and does not owe.

96.     The Defendants further breached their contractual duties to Plaintiff by charging the Plaintiff fees that were excessive and/or not bona fide, not reasonable, or not authorized

18

pursuant to the parties' agreement.

97. By insisting Plaintiff tender amounts he did not owe, the Defendants breached their contractual duties.

98. The Defendant, CIT, further failed to properly service Plaintiff's loan by:

1. Unjustified and unreasonable late fees, interest charges, attorney's fees; and

2. Late posting and miscrediting of payments; and

3. Failing to reasonably exhaust loss mitigation options.

99. The Defendants' breach of contract was intentional, willful, and/or wanton and reasonably calculated to result in foreclosure on the Plaintiff's real property.

100. By and through their actions, as aforesaid, Defendants breached the said contractual duties.

101. As a direct and proximate result of the said breach of duties, Plaintiff has sustained damages.

*WHEREFORE*, Plaintiff respectfully requests the following relief:

a. Actual and punitive damages;

b. Reasonable attorney's fees and cost of the litigation; and

c. Such other relief as the Court deems equitable and just.

*WHEREFORE*, Plaintiff requests that the Court enter judgment in his favor and against Defendants and Order Defendants to pay compensatory damages, and Order such further or additional relief as the interests of justice may require, and will ever pray.

MILDENBERG AND STALBAUM, P.C.
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

## COUNT VII
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa.C.S. § 2270.1 et seq.)
#### PLAINTIFF V. ALL DEFENDANTS

102.    The foregoing paragraphs are incorporated herein by reference.

103.    The collection of debt in Pennsylvania is regulated by the Fair Credit Extension Uniformity Act at 73 Pa.C.S. §2270.1 et seq. and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. 201-1 et seq.

104.    Defendants are "debt collectors" or "creditors" pursuant to 73 Pa.C.S. § 2270.3.

105.    The alleged debt Defendants were attempting to collect is a "debt" as defined by 73 Pa. C.S. §2270.3.

106.    Violation of the FCEUA is a *per se* violation of the UTPCPL.

107.    The actions of Defendants constitute unfair methods of competition or unfair and deceptive acts and practices within the meaning of the FCEUA and UTPCPL by and through their actions, as aforesaid, and by and through the following actions, *inter alia*:

    i.   Using unfair and unconscionable collection methods;

    ii.  Giving a false impression of the character, amount or legal status of the alleged debt;

    iii. Using false or deceptive collection methods;

    iv.  Making threats to take action which cannot be legally taken; and/or

    v.   Otherwise using false, deceptive, misleading, and unfair and unconscionable means to collect or attempt to collect a debt.

    vi.  Defendants' actions as described above were done with intentional, willful, reckless, wonton, and negligent disregard for Plaintiff's rights

20

**MILDENBERG AND STALBAUM, P.C.**
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

under law and with the purpose of coercing plaintiff to pay the alleged debt.

vii.   As a direct and proximate result of the said actions, Plaintiff has suffered financial harm and ascertainable loss.

viii.   By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor, and against Defendants, and Order the following relief:

a.   An Order declaring that Defendants violated the FCEUA;

b.   Actual damages;

c.   Treble damages;

d.   An award of reasonable attorneys fees and expenses, and costs of suit; and,

e.   Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT VIII
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa.C.S. § 201-1 et seq.
#### PLAINTIFF V. ALL DEFENDANTS

108.   The foregoing paragraphs are incorporated herein by reference.

109.   Plaintiff and Defendants are "Person[s]" pursuant to 73 Pa.C.S. § 201-2.

MILDENBERG AND STALBAUM, P.C.
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

110.    The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

111.    The actions of Defendants, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, *inter alia:*

a.   Defendants misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. § 201-3.1; 37 Pa. Code § 303.3(3);

b.   Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. § 201-2(xxi);

c.   Defendants imposed credit costs expressly prohibited by Federal and Pennsylvania law, and failed to comply with TILA, HOEPA, RESPA, and ECOA, Pennsylvania Usury Law, and the CSA, which are per se violations of the UTPCPL;

d.   Defendants misrepresented to Plaintiff that their loans would be beneficial, when in fact they were not and Defendants knew they were not, 73 P.S. §202-1(v); and,

e.   Defendants misrepresented the characteristics or benefits of the loans;

f.   Defendant Option One misrepresented that it was obtaining a first lien position when it did not.

112.    As a direct and proximate result of the said actions, Plaintiff has suffered financial and other harm.

22

MILDENBERG AND STALBAUM, P.C.
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510

113.    By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff are entitled to an award of actual damages, treble damages, attorneys' fees and costs of suit.

*WHEREFORE*, Plaintiff pray this Honorable Court enter judgment in his favor, and against Defendants, and Order the following relief:

      i.   An Order declaring that Defendants violated the UTPCPL;

     ii.   Actual damages;

   iii.   Treble damages;

   iv.   An award of reasonable attorneys fees and expenses, and costs of suit; and,

    v.   Such additional relief as is deemed just and proper, or that the interests of justice may require.

## V.    <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

MILDENBERG AND STALBAUM, P.C.

Dated: <u>5/19/04</u>        By:   **/s/ Brian R. Mildenberg**
                         **BRIAN R. MILDENBERG, ESQUIRE**
                         **SHERRI J. BRAUNSTEIN, ESQUIRE**
                         **PA Identification Nos.: 84861 / 90675**
                         **1616 Walnut Street, Suite 1010**
                         **Philadelphia, PA 19103**
                         **(215) 545-2510**
                         *Counsel for Plaintiff*

MILDENBERG AND STALBAUM, P.C.
1616 WALNUT STREET, SUITE 1010
PHILADELPHIA, PENNSYLVANIA 19103
(215) 545-2510